# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MICHAEL ANDREW HESTER**, <br><br> Defendant. | Case No. 7:21-CR-6 (HL) |

## ORDER

Before the Court is Defendant Michael Andrew Hester's Motion to Suppress. (Doc. 109). Defendant moves the Court to suppress any evidence obtained from a blue, Samsung cellular telephone with the identifying number IMEI:3549111797954, which was recovered following the pursuit of Defendant and co-Defendant Joshua Gannon Deanda. The parties informed the Court that an evidentiary hearing was not necessary. After reviewing the briefs and the search warrant issued for the search of the subject cellular phone, the Court **DENIES** Defendant's motion to suppress.

## I. BACKGROUND

On November 5, 2020, at approximately 10:01 p.m., Sergeant Chris Sherrell, an officer employed by the Monroe County, Georgia Sheriff's Office, conducted a traffic stop on a gold, 2012 Chevrolet Tahoe on I-75/GA-401 South near mile marker 190. After the vehicle came to a stop, officers ordered the driver several times to show his hands and to exit the vehicle. The driver placed his

hands outside the window of the vehicle but refused to leave the car. The officers again instructed the driver to get out of the vehicle. The driver then began to flee from the law enforcement officers.

The driver led law enforcement officers on a three-mile pursuit. Sergeant Sherell then conducted a Precision Immobilization Technique ("PIT") maneuver, causing the absconding vehicle to strike a power pole before coming to a stop. Two male subjects exited the vehicle and began fleeing on foot. The officers established a perimeter to locate the two suspects. The officers eventually located and arrested the driver, co-Defendant Joshua Deanda. Law enforcement officials found and arrested Defendant at a local Walmart sometime thereafter.

During the search for Defendant and Deanda, Investigator Kemeyan Colvard secured the Tahoe and called for a wrecker. Investigator Colvard observed two firearms in plain view—a brown handgun near the passenger seat and a black handgun on the front windshield near the driver's seat. The investigator ran the serial numbers for the handguns through GCIC and confirmed they were stolen. Investigator Colvard also recovered a black, Samsung cellular telephone lying on the ground near the vehicle. Deputies later found a black backpack containing approximately one pound of methamphetamine in the area to which the suspects fled prior to their apprehension.

Five days later, on November 10, 2020, Investigator Colvard applied for a search warrant for a "Blue in color Samsung IMEI:354229111797954," believed to belong to Defendant.[1] The warrant application indicates the officer's desire to search the telephone for text messages, call history, documentation, photography, or other media which may link Defendant to a crime, namely drug distribution. The investigator attested, "It is common for individuals involved in drug related crimes to use a telecommunication device to facilitate drug transactions. (Doc. 115, p. 2). Monroe County Superior Court Judge Thomas H. Wilson issued a search warrant for the Samsung telephone on November 10, 2020. (Doc. 115, p. 1).

A grand jury in this district returned a second superseding indictment against Defendant, Joshua Deanda,[2] and Kealsey Gil[3] on May 12, 2021. (Doc. 66). The indictment charges Defendant with Conspiracy to Distribute Heroin, Possession with Intent to Distribute Methamphetamine, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm by a Convicted Felon. Defendant waived his personal appearance and entered a plea

---

[1] The warrant affidavit describes the cellular telephone as being both black and blue. The parties do not dispute the color of the phone, which is more accurately identified by its IMEI number.
[2] Deanda pled guilty to the second superseding information pursuant to a written plea agreement on March 14, 2022. (Doc. 98).
[3] Gil pled guilty to a superseding information pursuant to a written plea agreement on December 9, 2021. (Doc. 94).

of not guilty on May 19, 2020. (Doc. 74). This case is currently set for trial on July 11, 2020.

## II.   DISCUSSION

Defendant moves the Court to suppress any evidence obtained from the search of the Samsung cellular telephone found at the scene of the wrecked Tahoe on November 5, 2020. Defendant argues that the search warrant application did not contain sufficient information to establish probable cause that the telephone would reveal information about drug-related activity. The Government maintains any search of the cellular telephone was valid and constitutional under the doctrine of abandonment. An analysis of both the warrant and the circumstances under which law enforcement officials obtained the cellular telephone confirms that the search of the telephone did not violate Defendant's rights under the Fourth Amendment.

### A.   Search Warrant

Defendant argues that the search warrant affidavit did not contain sufficient information to support a finding of probable cause by the judicial officer who issued the warrant for the Samsung cellular telephone. Defendant further contends that the warrant does not establish a nexus between the property to be

searched, Defendant, and any criminal activity and otherwise amounts to a non-particularized, general search warrant.[4]

The Fourth Amendment requires that a warrant application contain enough information to establish probable cause. Holmes v. Kucynda, 321 F.3d 1069, 1083 (11th Cir. 2003). Probable cause is not a high bar and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Paez v. Mulvey, 915 F.3d 1276, 1286 (11th Cir. 2019) (internal quotation marks and citation omitted). "A substantial basis for probable cause exists where the totality of the circumstances set forth in the affidavit provides sufficient information for a magistrate judge to determine that there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)) (internal quotation marks omitted). The judicial officer issuing the warrant "must only make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and the basis of knowledge of persons supplying the information there is probable cause to issue the search warrant."

---

[4] In his motion to suppress, Defendant argues that the warrant is invalid "because it was predicated upon informants whose reliability and basis of knowledge was not detailed or verified." (Doc. 109, p. 3). Defendant also states that the warrant should be held invalid to the extent it "was based upon misrepresentation." (Id.). Defendant has presented no evidence or argument in support of these statements.

United States v. Betancourt, 734 F.2d 750, 755 (11th Cir. 1984) (internal quotation marks omitted).

The totality of the circumstances set forth in the warrant affidavit is sufficient to establish probable cause for searching the Samsung cellular telephone. The affidavit first outlines the initiation of the traffic stop, the flight of the driver and his passenger, the foot chase of the two suspects, and the circumstances of their arrest. (Doc. 115, p. 2). The affiant then details the discovery of two handguns located in plain sight within the stopped vehicle as well as the cellular telephone found on the ground outside of the vehicle. (Id.). The affiant specifically states the affiant's belief that the phone belonged to Defendant. (Id.) Next, the affiant states that law enforcement officials located a black backpack containing a significant quantity of methamphetamine, which the officials linked to Defendant. Based on these factors, along with his knowledge that "[i]t is common for individuals involved in drug related crimes to use a telecommunication device to facilitate drug transactions," the affiant requested the issuance of a warrant to search the cellular telephone and to seize "any and all evidence towards this crime[,] which may include Electronic Devices, Documentation, Photography, and Media." (Id. at 2, 3). Taken together, these statements were enough for the reviewing judge to make a "practical, common sense decision" that there was probable cause to issue a search warrant for the phone. Betancourt, 734 F.2d at 755.

It is further apparent on the face of the warrant that the judge who issued the search warrant also took into consideration the sworn statements of the officer. (Doc. 115, p. 1). The warrant states, "Investigator Kemeyan Covard related facts, under oath, to the undersigned." (Id.). This statement suggests the officer provided oral testimony in addition to his affidavit. The Fourth Amendment "does not bar consideration of an affiant's oral testimony, extrinsic to the written affidavit, which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause." Wallace v. Smith, 297 F. App'x 915, 916 (11th Cir. 2008) (quoting United States v. Hill, 500 F.2d 315, 320-21 (5th Cir. 1974)) (internal quotation marks omitted). "Reviewing courts must only ensure that the magistrate had a substantial basis for concluding that probable cause existed." Betancourt, 734 F.2d at 755. "Great deference is accorded to the magistrate's determination of probable cause." Gonzalez, 940 F.2d 1419. Again, based on the totality of the circumstances, the Court is satisfied that there was a substantial basis for concluding there was probable cause to issue the warrant.

Plaintiff additionally contends that the search warrant was an unconstitutional general warrant. In order to be valid, a warrant must not only be based on probable cause, supported by an affidavit, but must also describe with particularity "the place to be searched" and "the persons or things to be seized." U.S. Const. Amend. IV. General warrants are prohibited by the Fourth Amendment. Andresen v. Maryland, 427 U.S. 463, 480 (1976). "The problem

posed by the general warrant is not that of the intrusion [p]er se, but of a general, exploratory rummaging in a person's belongings. . . . The Fourth Amendment addresses the problem by requiring a particular description of the things to be seized." Id. (quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)) (internal punctuation omitted). The prohibition against general warrants "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." Id. (quoting Stanford v. Texas, 379 U.S. 476, 485 (1965)) (internal quotation marks omitted).

The warrant here is not an improper general warrant. The warrant clearly identifies the cellular telephone to be searched, where the telephone was discovered, and where it was located at time the warrant was issued. (Doc. 115, p. 1). The warrant further states the purpose of the search is to locate "fruits, evidence, and instruments of the crime of: Trafficking Methamphetamine." (Id.). The warrant consequently meets the requirements of the Fourth Amendment.

The Court concludes there was sufficient evidence to support a finding of probable cause and to issue the search warrant for the Samsung cellular telephone. The Court accordingly **DENIES** Defendant's motion to suppress.

    B.    **Doctrine of Abandonment**

The Government asserts that an analysis of the warrant is not required because Defendant abandoned the cellular telephone and with it his expectation

8

of privacy. To succeed on a Fourth Amendment claim, the defendant must demonstrate that there was "an invasion of [his] reasonable expectation of privacy" and that the challenged search or seizure was "unreasonable." See United States v. Segura-Baltazar, 448 F.3d 1281, 1285 (11th Cir. 2006) (quoting United States v. Bachner, 706 F.2d 1121, 1125 (11th Cir. 1983)). But "[l]egitimate expectations of privacy can be abandoned." United States v. McKennon, 814 F.2d 1539, 1545 (11th Cir. 1987). "Whether an abandonment has occurred is a question of intent which can be inferred from words, acts and other objective facts." Id. at 1546. The critical inquiry is "whether the person prejudiced by the search . . . voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." United States v. Pirolli, 673 F.2d 1200, 1204 (11th Cir. 1982) (quoting United States v. Colbert, 474 F.2d 174, 176 (5th Cir. 1973)). Courts routinely find that defendants abandoned property dropped or discarded while fleeing a crime scene. See California v. Hodari D, 499 U.S. 621, 629 (1991) (holding a defendant abandoned drugs he dropped while fleeing); United States v. Tinoco, 304 F.3d 1088, 1117 (11th Cir. 2002) (finding defendants abandoned narcotics thrown into the ocean); United States v. Jefferson, 451 F. App'x 833, 834 (11th Cir. 2011) (defendant deemed to have abandoned his car by running away during a traffic stop); United States v. Daniels, No. 20-20138, 2022 WL 88405 at *9 (S.D. Fla. March 25,

2022) (holding a defendant abandoned any interest in a cell phone left at a private business on which he was trespassing).

Here, Defendant dropped the cellular telephone on the ground at the scene of the wrecked Tahoe before running from the police. He therefore abandoned any interest in the phone and cannot now claim a Fourth Amendment violation from a search of the phone.

## III. CONCLUSION

Based on the evidence presented, the Court concludes that Defendant abandoned any privacy interest in the Samsung cellular telephone when he discarded the phone at the scene of the wrecked vehicle and fled on foot from law enforcement officers. Consequently, there is no Fourth Amendment violation for the search of the telephone. Even if Defendant had not abandoned the device, the Court finds that there was probable cause to issue the search warrant for the contents of the phone. Defendant's Motion to Suppress (Doc. 109) is therefore **DENIED**.

**SO ORDERED**, this 2nd day of June, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks